UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

ALBERTO SOTO-LARA,                 )      CASE NO.  4:08 CV0293
                                   )
             Petitioner,           )      JUDGE KATHLEEN M.  O'MALLEY
                                   )
        v.                         )
                                   )      MEMORANDUM OF OPINION
                                   )       AND ORDER
J. T. SHARTLE,                     )
                                   )
             Respondent.           )


        Petitioner Alberto Soto-Lara filed the above-captioned pro se petition on February

6, 2008 seeking habeas relief pursuant to 28 U.S.C. § 2241.  Mr. Soto-Lara, who is incarcerated

at the Federal Correctional Institute in Elkton, Ohio (F.C.I.  Elkton), seeks an order dismissing

an indictment filed against him in 2000 and immediate release from prison.

*Background*

        Mr. Soto-Lara was indicted on October 25, 2000 for conspiracy to distribute

cocaine in violation of 21 U.S.C. § 846 ("Count One") and possession of cocaine with intent to

distribute in violation of 21 U.S.C. § 841(a)(1) ("Count Two") by a federal grand jury sitting in the District of Massachusetts. At the time the indictment was filed, Mr. Soto-Lara was serving a sentence for a conviction in Rhode Island.    Petitioner pled guilty to Count One of the indictment on August 17, 2001. On January 10, 2002, Mr. Soto-Lara was sentenced to a 168-month term of incarceration followed by a 36-months of supervised release.

Mr. Soto-Lara appealed this sentence, claiming that the trial court erred by increasing his offense level pursuant to section 3B1.1(a) of the United States Sentencing Guidelines on the grounds that he was a leader or organizer of criminal activity involving five or more participants. United States v. Soto-Lara, 60 Fed.Appx. 834, 834 (1st Cir.2003). The First Circuit Court of Appeals affirmed his sentence, ruling that there was sufficient data to support his enhanced role in the offense and no clear error. Id. at 834-35.

A motion to vacate and set-aside sentence pursuant to 28 U.S.C. § 2255 was subsequently filed pro se by Mr. Soto-Lara in the District Court of Massachusetts. Soto-Lara v. United States, 367 F.Supp.2d 189 (D. Mass. 2005). He asserted that he was deprived of his Sixth Amendment right to counsel. He claimed that his trial attorney was ineffective for failing to argue (1) that the government breached its plea agreement at his sentencing hearing, and (2) that the indictment subjected him to double jeopardy because it alleged criminal conduct that was part of a cocaine conspiracy for which he had previously been convicted. Id.   Applying the "same evidence" test devised by the Supreme Court in Blockburger v. United States, 284 U.S. 299, 304 (1932), the district court concluded that Mr. Soto-Lara's double jeopardy claim was without merit. He appealed the court's dismissal of his § 2255 motion and, on November 1, 2007, the First Circuit affirmed the district court's decision.

2

*Analysis*

Mr. Soto-Lara now argues that he satisfies the five criteria set forth in <u>Blockburger</u> to establish that the second indictment filed against him violates the Double Jeopardy Clause. Even though he raised this same issue in his first §2255, he states that his remedy under § 2255 is now inadequate "because the gatekeeping provisions bar a successive petitioner where Petitioner can allege actual innocent [sic] of the crime of which he was convicted." (Pet. at 5.) Moreover, he maintains that he was unable to argue his "actual innocence" claim until the Supreme Court issued its opinion in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). It is Mr. Soto-Lara's belief that since the time he filed his first §2255, <u>Blakely</u> now proves he is serving a sentence under an invalid conviction. This "new" standard sets forth "that the government cannot prosecute for separate offenses unless each offense has [sic] both have at least one element that the other does not." (Pet. at 5.)

*28 U.S.C. § 2241*

Claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255. <u>See</u> <u>Cohen v. United States</u>, 593 F.2d 766, 770 (6th Cir.1979). The only exception to the mandate is a safety valve provision wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." <u>Accord</u> <u>United States v. Hayman</u>, 342 U.S. 205, 223 (1952); <u>In re Hanserd</u>, 123 F.3d 922, 929 (6th Cir.1997).

Mr. Soto-Lara admits that he has attempted to pursue his claims under § 2255, but now complains that §2255 relief is inadequate to test the validity of his detention. What petitioner

fails to acknowledge, however, is that the remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

Based on the facts alleged, he has failed to show that his § 2255 remedy is inadequate or ineffective. Contrary to his assertions, a prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 1991). Furthermore, unlike other prisoners who have obtained review of their viable innocence claims under § 2241 because they did not have a prior opportunity to present their claims, see, e.g., In re Davenport, 147 F.3d 605, 609, 611 (7th Cir.1998), Mr. Soto-Lara had the opportunity to raise his claim in his second § 2255 motion to vacate and did so.

Simply claiming actual innocence does not entitle Mr. Soto-Lara to relief. "'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Martin v. Perez, 319 F.3d 799, 804 (6th Cir.2003) (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)). "Actual innocence" in this regard means factual innocence, rather than mere legal insufficiency. Id. There is no dispute that Mr. Soto-Lara pleaded guilty to the charges in the second indictment he is now challenging. Moreover, there is no allegation in the petition that Mr. Soto-Lara is not in violation of the statute to which he pleaded guilty. This does not constitute "actual innocence."

Contrary to Mr. Soto-Lara's 'change in law' claim, Blakely did not change the law

4

regarding the standards for a double jeopardy violation. The only reference to "double jeopardy" in <u>Blakely</u> is dicta in Justice O'Connor's dissent.[1]

Based on the foregoing, this matter is dismissed pursuant 28 U.S.C. § 2243. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED:

---

[1]Challenging what she perceived as a possible scenario based on the majority's holding, Justice O'Connor noted: "[A] State wishing such a revelation to result in a higher sentence within a pre-existing statutory range either must vest judges with sufficient discretion to account for it (and trust that they exercise that discretion) or bring a separate criminal prosecution. . . . ., the latter choice might not be available-a separate prosecution, if it is for an aggravated offense, likely would be barred altogether by the Double Jeopardy Clause. <u>Blockburger v. United States</u>, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (government cannot prosecute for separate offenses unless each offense has at least one element that the other does not)." <u>Blakely v. Washington</u>, 542 U.S. 296, 319-20 (2004)

[2]28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.